**\*E-FILED 03-08-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDA PODA,<br><br>            Plaintiff,<br>     v.<br><br>DOWNEY SAVINGS BANK AND LOAN ASSOCIATION, FA; STEWART TITLE OF CALIFORNIA; UNKNOWN MORTGAGE BROKER; and DOES 1-10, inclusive,<br><br>            Defendants.<br>_____/ | No. C10-04678 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 9] |

   Plaintiff Linda Poda, proceeding pro se, filed this action for alleged violations of state and federal law in connection with her mortgage. The Federal Deposit Insurance Corporation (FDIC) now moves to substitute as Receiver for defendant Downey Savings and Loan Association, FA and to transfer venue to the U.S. District Court for the Central District of California (Southern Division). Although the record indicates that plaintiff was served with notice of the FDIC's motion, she did not file any opposition papers, and she did not appear at the March 8, 2011 motion hearing. Upon consideration of the moving papers, this court recommends that the FDIC's motion be granted.[1]

   The FDIC says that it was appointed as Receiver for Downey. (Heumann Decl., Ex. A).

---

[1] The FDIC has consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Plaintiff has neither consented nor declined, despite reminders from the court. And, although this court believes that the instant motion probably is non-dispositive in nature, in an abundance of caution it is issuing its ruling as a report and recommendation.

1  As such, the FDIC succeeded to "all rights, titles, powers and privileges" of Downey. 12
2  U.S.C. § 1821(d)(2)(A)(i). Additionally, the FDIC is also authorized to take over Downey's
3  assets, conduct business on behalf of Downey, and preserve and conserve Downey's assets. Id.,
4  § 1821(d)(2)(B). None of the defendants have actually appeared in this matter. And, very little
5  has happened in this action since it was filed several months ago. This court finds that the
6  FDIC should be substituted in place of Downey.

   Proper venue for judicial actions involving the FDIC lies only in two locations: (1) the
"district or territorial court of the United States for the district within which the depository
institution's principal place of business is located" or (2) "the United States District Court for
the District of Columbia." 12 U.S.C. § 1821(d)(6)(A). Here, the FDIC says that Downey's
principal place of business is in Newport Beach, California. (Heumann Decl., ¶ 2).
Accordingly, the FDIC's motion to transfer venue to the Central District of California (Southern
Division) should be granted.

   Any party may serve and file objections to this Report and Recommendation within
fourteen days after being served. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B) & (C).

   SO ORDERED.

Dated:   March 8, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**United States District Court**
For the Northern District of California

1  5:10-cv-04678-HRL Notice has been electronically mailed to:

2  Thomas Eben Ladegaard    tladegaard@olivalaw.com, joliva@olivalaw.com, koconnor@olivalaw.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6  5:10-cv-04678-HRL Notice mailed to:

7  Linda Poda
   2068 Swensen Court
8  San Jose, CA 95131

9            Pro Se Plaintiff

3